1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN MARSHALL BRATT,<br><br>                              Plaintiff,<br><br>     v.<br><br>LOVE STORIES TV, INC.,<br><br>                              Defendant. | Case No. 23-cv-0100-BAS-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 19)** |

Plaintiff Bryan Marshall Bratt, self-represented, filed a First Amended Complaint against Defendant Love Stories TV, Inc. alleging various claims, including violations of the Lanham Act and common law trademark infringement.  (First Am. Compl. ("FAC") ¶¶ 28, 38, ECF No 18.)  Plaintiff alleges Defendant uses his business name, which is protected by trademark and copyright, while offering an "essentially identical" service. (*Id.* ¶ 6.)  Plaintiff alleges that this infringement has caused "significant damage" to his business.  (*Id.* ¶ 19.)

Defendant moves to dismiss, claiming the Court has no personal jurisdiction over it, and Plaintiff fails to state a claim upon which relief can be granted.  (Mot. 2:10–3:9, ECF No 19.)  The Court finds this motion suitable for determination on the papers submitted

23cv0100

1  and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons stated below, the
2  Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss.

3  **I.    BACKGROUND**

4        The Court underscores that Plaintiff is self-represented.  Generally, the Court must
5  broadly construe his pleadings, affording him any benefit of the doubt.  *See Erickson v.*
6  *Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).
7  Plaintiff is allegedly the original creator, first user, and owner of the term "Wedding Video
8  Awards." (FAC ¶ 17.)  Plaintiff alleges that he began using this term in commerce in 2014.
9  (*Id.*)  Plaintiff applied to register and obtain copyright and trademark protection for
10  "Wedding Video Awards," but the application was abandoned due to "lack of legal
11  knowledge."  (*Id.* ¶ 18.)  Nevertheless, Plaintiff asserts that his business name and model
12  are still protected under federal and state law.  (*See id.* ¶¶ 18, 22.)

13        Defendant Love Stories TV, Inc. has its principal place of business in Brooklyn,
14  New York, and is a Delaware corporation.  (FAC ¶ 13.)  Defendant hosts the "Wedding
15  Film Awards."  (*Id.* ¶ 19.)  Plaintiff alleges that Defendant's competing "Wedding Film
16  Awards" service bears a near-identical resemblance to his own business name and model.
17  (*Id.*)  Plaintiff avers Defendant "purposefully availed [itself] of this judicial district" by
18  offering infringing content through its website aimed at this forum and by attempting to
19  partner with California businesses and promote sales in California.  (*Id.* ¶ 7.)

20        More specifically, Plaintiff alleges the winners of Defendant's Wedding Film
21  Awards receive cash prizes, and Defendant features California residents and weddings on
22  its platform.  (FAC ¶ 14.)  Plaintiff alleges Defendant's Wedding Film Awards are part of
23  a concerted effort to cultivate "deep [business-to-business] relations in California" with
24  wedding vendors, "more than [in] any other forum."  (*Id.*)  Indeed, as part of its wedding-
25  focused business, Defendant features vendors on its website.  (*Id.*)  These vendors allegedly
26  pay $2,500 for six months of advertising on the site.  (*Id.*)  Defendant lists 6,637 California
27  wedding vendors on its website, which is more than any other state.  (*Id.*)  This same
28  website promotes the Wedding Film Awards, and Plaintiff contends Defendant's activities

23cv0100

and the Wedding Film Awards should go "hand in hand." (ECF No. 22.)  "They are sharing the same website, audience, [and] general business goals" as part of Defendant's effort to solicit wedding-related business, particularly in California.  (*Id.*; FAC ¶ 14.)  Moreover, Plaintiff alleges Defendant knew its conduct "would directly impact the Wedding Video Awards" operated by Plaintiff.  (FAC ¶ 14.)  Defendant "took action to crush [the Wedding Video Awards] in California."  (*Id.*)  Plaintiff has consequently been forced to "reconsider the entire business as it [has] lost its value and strength."  (*Id.*)

Defendant moves to dismiss, arguing this Court may not exercise personal jurisdiction over it for the following reasons: (1) Defendant's website has a national viewership, but the website does not target the forum state either expressly or indirectly; and (2) Plaintiff fails to plead any facts demonstrating Defendant's website is "expressly aimed" at California residents.  (Mot. 12:13–19.)  Defendant further asserts that Plaintiff does not bear a mark, nor does he have a copyright, for the term "Wedding Video Awards," as is required to bring forth copyright and certain trademark claims.  (*Id.* 11:10–17.)  Defendant also contends that Plaintiff fails to allege sufficient facts for his remaining claims under federal and state law.  (*Id.* 2:14–15.)

## II.    LEGAL STANDARDS

### A.    Personal Jurisdiction

Rule 12(b)(2) authorizes the dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  When a defendant moves to dismiss on this ground, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022).  If the defendant's motion is based on written materials, and no evidentiary hearing is held, then the court will evaluate only whether the plaintiff makes a prima facie showing of personal jurisdiction based on the plaintiff's pleadings and affidavits. *Id*.  The court must take unchallenged allegations in the complaint as true, and conflicts between the parties over statements within any affidavits must be resolved in favor of the plaintiff. *Id*.

23cv0100

1
2
3
4
5
6
7
8
9

The general rule provides that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Id*. at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). Both California and federal long-arm statutes require compliance with due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

10
11
12
13
14
15
16
17
18
19

There are two types of personal jurisdiction: general and specific. *Daimler*, 571 U.S. at 118. General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgewick Assoc. Risk, Ltd*., 769 F.2d 299, 301 (9th Cir. 1986) (citing *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd*., 784 F.2d 1392, 1396 (9th Cir. 1986)). Specific jurisdiction permits the court to exercise jurisdiction over a defendant who has availed itself through forum-related activities that gave rise to the action before the court. *Bancroft & Masters, Inc. v. August Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled on other grounds in part by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

20

**B.    Failure to State a Claim**

21
22
23
24
25

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

26
27
28

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint

23cv0100

as true and must construe them and draw all reasonable inferences therefrom in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. Dismissal is proper under Rule 12(b)(6) where there is either a lack of a cognizable legal theory or insufficient facts are alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "[i]n deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. ANALYSIS

### A. Personal Jurisdiction

Defendant challenges Plaintiff's assertion of personal jurisdiction. At the outset, the Court considers whether Defendant controverts Plaintiff's jurisdictional allegations. Although Plaintiff has the burden to show jurisdiction when challenged, "uncontroverted allegations in the complaint must be taken as true." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

Having reviewed Defendant's Motion to Dismiss, it does not include any supporting affidavits or declarations. *Cf. Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) ("[T]his circuit has held that for purposes of personal jurisdiction, 'we may not assume the truth of allegations in a pleading which are contradicted by affidavit'"

(citation omitted)).  There are several exhibits of images that appear to be screenshots of Defendant's website, but these materials are not authenticated under Federal Rule of Evidence 901.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901.  Attaching screenshots to a motion to dismiss, without more, is insufficient to controvert jurisdictional allegations.  *See, e.g.*, *Iglesia Ni Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2020 WL 1531349, at *4–6 (N.D. Cal. Mar. 31, 2020) (collecting cases discussing the authentication of online content and explaining that it typically requires using a sworn affidavit that introduces the document); *see also United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (finding proponent of chat logs presented sufficient evidence of authenticity where testimony explained how witness created the logs and stated they "appeared to be an accurate representation of the chat room conversations").  Hence, the Court finds Plaintiff's jurisdictional allegations are uncontroverted.  They must still, however, make a prima facie showing of jurisdiction.  *See Schwarzenegger*, 374 F.3d at 800.

Turning to Plaintiff's showing, the Court considers only specific jurisdiction because the parties agree the Court does not have general jurisdiction over Defendant.  Plaintiff is required to prove specific jurisdiction under the Ninth Circuit's three-pronged test.  *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (citing *Schwarzenegger*, 374 F.3d at 802).

For a court to exercise specific jurisdiction over a non-resident defendant, the Ninth Circuit requires that: (1) the non-resident defendant must purposefully avail itself to the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  *Mavrix*, 647 F.3d at 1227–28.  The plaintiff bears the burden of proving the first two prongs and, if successful, the burden shifts to the defendant on the third prong to prove that jurisdiction is unreasonable.  *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

23cv0100

### 1.      Purposeful Direction

The purposeful direction requirement is analyzed in intentional tort cases under the *Calder* "effects" test. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2022). The Ninth Circuit treats copyright and trademark infringement as "tort-like" causes of action and uses the *Calder* "effects" test in this context. *Id.*; *see also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Under this test, a defendant purposefully directs its activities toward the forum when the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Ayla*, 11 F.4th at 980; *see also Axiom Foods, Inc. v. Acerchem Int'l Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). A plaintiff must fulfill all three requirements of the "effects" test to progress to the second prong of the specific jurisdiction test. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018).

<u>Intentional Act</u>.  The first part of the "effects" test requires that the defendant has committed an intentional act. *Ayla*, 11 F.4th at 980.  The Court previously addressed this issue and concluded the operation of a website is an intentional act; therefore, Plaintiff has met the first requirement of the "effects" test. (*See* Dismissal Order 7:9–10, ECF No. 17.)

<u>Express Aiming</u>.  Next, the Court must determine whether Defendant "expressly aimed" its intentional act—operating the Love Stories TV Website—at the forum. *See Ayla*, 11 F.4th at 980.  The Ninth Circuit first addressed this issue in *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 417 (9th Cir. 1997).  *Cybersell* relied partly on *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), which stated personal jurisdiction may be constitutionally exercised over an entity that conducts business over the internet if the nature and quality of that business is so significant that failing to exercise jurisdiction over it in that forum would be unreasonable.  However, *Cybersell* added an additional requirement to this standard: there must be "'something more' to indicate that the defendant purposefully (albeit electronically) directed [its]

- 7 -

activity in a substantial way to the forum state." 130 F.3d at 418. Without this "something more," an intentional act is not an act "expressly aimed" at the forum state. *Id*.

This "something more" is what Plaintiff must show to demonstrate that Defendant directed its activity in a substantial way at the forum. When determining "something more," the Ninth Circuit considers many factors, including the interactivity of the website in question. *See AMA*, 970 F.3d at 1210–12. The Ninth Circuit has explained that operating a passive website itself cannot satisfy the express aiming requirement, unless it is paired with evidence that demonstrates the forum was directly targeted by the defendant's intentional conduct. *Id*. at 1209–10.

Furthermore, a California district court has looked at communications between a defendant and customers through the defendant's website and social media accounts. *Future Motion, Inc. v. JW Batteries LLC*, No. 21-CV-06771-EMC, 2022 WL 1304102, at *6 (N.D. Cal. May 2, 2022). The court decided that for communications between the defendant and customers through these platforms to suffice as evidence of "something more," there needs to be some indication that the defendant was soliciting customers through these platforms. *Id*. The fact that there were customers who unilaterally reached out to the defendant did not suffice. *Id*.

In addition, the Ninth Circuit has determined that if a website uses content to exploit the forum state's market for commercial gain, then this may satisfy the "something more" requirement. *Mavrix*, 647 F.3d at 1229. In *Mavrix Photo*, the defendant made a profit by selling advertising space on its website to third party advertisers, and the website focused "on the California-centered celebrity and entertainment industries." *Id*. at 1230. The court reasoned a website can be found to be expressly aimed at the forum if it is economically profitable in large part because of business in the forum. *See id*. ("Based on the website's subject matter, as well as the size and commercial value of the California market, we conclude that [defendant] anticipated, desired, and achieved a substantial California viewer base.").

23cv0100

Here, as mentioned above, Defendant's motion does not controvert Plaintiff's jurisdictional allegations. Plaintiff alleges Defendant purposefully availed itself of this forum by offering infringing content through its website and social media channels in an attempt "to partner with businesses in California, in terms of sales and partnerships." (FAC ¶ 8.) Specifically, Plaintiff claims Defendant operates its infringing Wedding Film Awards as part of an effort to cultivate "deep [business-to-business] relations in California" with wedding vendors, "more than [in] any other forum." (*Id*. ¶ 14.) Defendant features "Californians and [their] weddings" on its wedding-focused platform, including a "former Real Housewife of Orange County" who dishes about "her magical California wedding." (*Id.*, Exs. 9, 11.) Defendant profits from selling advertising space to wedding vendors, and it lists more California-based vendors on its website than vendors from any other forum. (*Id.*) Moreover, the website not only provides advertising for California-based wedding vendors, but it also allows customers to directly message those vendors through the site. (*Id.* Ex. 10.) These allegations show "something more" than simply operating a "passive website" with a national audience. *See AMA* 970 F.3d at 1210; *see also Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) (noting actions that may demonstrate targeting the forum state include "[t]he solicitation of business in the forum state that results in business being transacted or contract negotiations"); *Mavrix*, 647 F.3d at 1229–30 (reasoning actions taken to exploit the California market for commercial gain may be sufficient to demonstrate targeting the forum).

Further, the Court addresses individualized targeting. "A theory of individualized targeting alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Axiom Foods*, 874 F.3d at 1069 (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012)). Following the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014), "a theory of individualized targeting may remain relevant to the minimum contacts inquiry," but "it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods*, 874 F.3d at 1069; *see also Morrill*

23cv0100

*v. Scott Fin. Corp.*, 873 F.3d 1136, 1148 (9th Cir. 2017) ("Plaintiffs were required to make a prima facie showing that Defendants' alleged actions were directed at [the forum state], not just at individuals who resided there.").

Plaintiff alleges Defendant knew of Plaintiff's competing "Wedding Video Awards," and Defendant "took action to crush them in California" with its infringing conduct. (FAC ¶ 14.) Indeed, Defendant allegedly "created a similar award show with a nearly identical name" that features and solicits "the same vendors involved [in]" Plaintiff's enterprise. (*Id.*) Although not dispositive, these allegations support the conclusion that Defendant expressly aimed its conduct at the forum state. *See, e.g.*, *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2020 WL 3893563, at *4 (D. Ariz. July 10, 2020) (reasoning defendant's alleged willful infringement of trademark "with knowledge of the trademark's existence and the forum of the trademark's holder" supported a finding of express aiming at the forum state).

In short, Plaintiff's allegations show more than simply the operation of a passive website with a national audience. Defendant allegedly targets California to cultivate deep business-to-business relationships with wedding vendors, promotes Californians and their weddings as part of these efforts, allows customers to contact California wedding vendors through the website, and engages in allegedly infringing conduct while aware of Plaintiff's California-based competitor and purported trademark. Accepting Plaintiff's uncontroverted allegations as true, Defendant's contacts with California are not so "random, fortuitous, or attenuated" that exercising personal jurisdiction would be improper. *See Walden*, 571 U.S. at 286. Hence, the Court finds the express aiming prong of the *Calder* "effects" test is met.

<u>Harm in Forum State</u>.   Third, Defendant must have caused harm that Defendant knew was likely to be suffered in the forum state. *See Ayla*, 11 F.4th at 980. This final requirement is met. Given Plaintiff's allegations, Defendant should have known that by targeting California customers and venders while allegedly infringing on Plaintiff's trademark rights, such conduct could possibly cause harm in the forum state. *See*

23cv0100

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (reasoning the defendant's conduct involving trademark infringement would likely have the effect of injuring the plaintiff in California where it had its principal place of business). Thus, all parts of the "effects" test are met, and the Court finds the purposeful direction requirement is satisfied.

### 2.    Claim Arises Out of Defendant's Forum-Related Activities

The second prong of the Ninth Circuit's specific jurisdiction test requires the claims "arise out of" the defendant's forum-related activities. *Shutte v. Carnival Cruise Lines*, 897 F.2d 377, 383 (9th Cir. 1990), *reversed on other grounds*, 499 U.S. 585 (1991). The court must determine whether the plaintiff's injury occurred "but for" the defendant's conduct in the forum. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). "The Ninth Circuit has recognized that, in trademark or copyright infringement actions, if the defendant's infringing conduct harms the plaintiff in the forum, this element is satisfied." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 963 (N.D. Cal. 2015) (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011)); *see also Mavrix Photo*, 647 F.3d at 1228 (stating the second prong was satisfied because the plaintiff's copyright infringement claim arose out of the defendant's publication of photos on a website "accessible to users in the forum state").

Defendant argues Plaintiff's claims do not arise out of the contacts discussed above because Defendant's purported use of the term "Wedding Film Awards" is unrelated to the jurisdictional allegations. (Mot. 12:6–12.) After briefing concluded, Plaintiff filed a sur-reply to address this point.[1] (ECF No. 22.) There, Plaintiff argues Defendant's other activities and use of the term Wedding Film Awards should go "hand in hand" because they share the same website, audience, and general business goals—e.g., cultivating deep business-to-business relationships with wedding vendors in California and profiting from

---

[1] Plaintiff did not have permission to file this sur-reply. The Court notified Defendant that it intended to consider the sur-reply in the interest of efficiency and gave Defendant an opportunity to respond to the sur-reply. (ECF No. 25.) Defendant did so. (ECF No. 26.)

connecting customers with those vendors.  (*Id.*; *see also* FAC ¶ 14.)  Plaintiff also alleges Defendant's conduct has caused him to suffer harm in the forum state.  (FAC ¶ 14.)  These allegations are sufficient.  *See Mavrix Photo*, 647 F.3d at 1228.

Hence, Plaintiff shows his claims arise out of Defendant's forum-related activities, and he therefore satisfies the second prong of the specific jurisdiction test.

### 3.    The Exercise of Jurisdiction Must be Reasonable

Because Plaintiff has met his burden of proof on the first two prongs, the burden shifts to Defendant to show why the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802.  In determining whether jurisdiction is reasonable, the court considers seven factors: (1) the extent of a defendant's purposeful interjection into the forum; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *See CollegeSource*, 653 F.3d at 1079 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002)).

Defendant does not make any showing on these factors, such as the onus on it to defend this case in California.  (*See* Mot. 3:17–12:27.)  Thus, Defendant does not meet its burden on this third prong.  *See Schwarzenegger*, 374 F.3d at 802.

Overall, the Court finds exercising personal jurisdiction over Defendant is appropriate.  The Court consequently denies Defendant's Motion to Dismiss under Rule 12(b)(2) and turns to Defendant's Rule 12(b)(6) arguments.

### B.    Failure to State a Claim

The gravamen of Plaintiff's lawsuit is that Defendant copied his business idea and launched a similar service with a similar name, "causing him a huge financial loss."  (FAC ¶ 19.)  The fact that Defendant may have imitated Plaintiff's concept for a wedding awards show does not alone give rise to liability, however.  "Imitating a successful business concept that is not protected by intellectual property is the essence of a free competitive

economy.  The second comer who imitates by offering an equivalent product or service at a lower price or with greater quality is to be encouraged."  1 McCarthy on Trademarks and Unfair Competition § 1:24 (5th ed. 2023).

Indeed, the Supreme Court has explained "that in many instances there is no prohibition against copying goods and products." *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001).  Therefore, "unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." *Id.*  Courts have rejected protection for a wide variety of analogous business concepts, including a prize game to attract listeners for a radio station, a television reality show involving swapping spouses, and a style for filming wild animal documentaries.  *See generally CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 888 F. Supp. 192 (D. Me. 1995); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556 (C.D. Cal. 2005); *Stouffer v. Nat'l Geographic Partners, LLC*, 400 F. Supp. 3d 1161, 1165 (D. Colo. 2019).  Plaintiff thus cannot protect his business model from copying, but he may be able to allege Defendant is infringing on his trademark or other intellectual property right.  With this backdrop in mind, the Court turns to Plaintiff's claims.

### 1.    Lanham Act Counterfeiting

Plaintiff's Count I includes two causes of action.  First, Plaintiff alleges Defendant violated the Lanham Act by counterfeiting Plaintiff's "business plan and name" in violation of Lanham Act § 32, 15 U.S.C. § 1114.  (FAC ¶ 1.)  As Defendant argues, this theory is implausible.  A counterfeiting claim requires "imitation of a registered mark in connection with the sale . . . of any goods or services." *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1000 (9th Cir. 2023) (quoting 15 U.S.C. § 1114(1)(a)); *see also GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (noting "§ 32 of the Lanham Act covers only registered marks").  Plaintiff indicates his mark is not registered, so his counterfeiting claim cannot proceed.  (FAC ¶ 18.)

Although it is unlikely that Plaintiff can state a counterfeiting claim, he has not had the opportunity to amend this claim with the Court's guidance.  *See Flowers v. First*

*Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (noting the policy favoring granting leave to amend is applied even more liberally to pro se litigants). Hence, the Court grants Defendant's motion to dismiss Plaintiff's Lanham Act counterfeiting claim with leave to amend.

### 2. Trademark Infringement

Plaintiff's Count I also seeks to bring a trademark infringement claim under Lanham Act § 43, 15 U.S.C. § 1125. (*See* FAC ¶¶ 28–33 (alleging both counterfeiting and "infringement . . . based on [Defendant's] use of . . . [a] confusingly similar . . . name").) Count III similarly seeks to bring a common law trademark infringement claim. (*Id.* ¶¶ 38–42.) To prevail on these claims, Plaintiff "must prove: (1) that [he] has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *See Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)); *see also Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-cv-04895-WHO, 2017 WL 2775030, at *3 (N.D. Cal. June 27, 2017) (noting "a common law unfair competition claim for trademark exploitation is analogous to a Lanham Act claim and may be analyzed under the same standard").

Both registered and unregistered trade names and trademarks are protected under the Lanham Act.[2] *Halicki Films, LLC v. Sanderson Sales and Mktg.*, 547 F.3d 1213, 1225–26 (9th Cir. 2008); *see also GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 n.3 (9th Cir. 2000); *Accuride*, 871 F.2d at 1534. Plaintiff alleges he abandoned an application to register "Wedding Video Awards" due lack of legal knowledge, but his unregistered use

---

[2] At times, it is unclear whether Plaintiff's pro se Complaint seeks protection for a trade name, a trademark, or both. "Trademarks and trade names are technically distinct. Trade names are symbols used to distinguish companies, partnerships and businesses. Trade names symbolize the reputation of a business as a whole. In contrast, trademarks and service marks are designed to identify and distinguish a company's goods and services." *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534 (9th Cir. 1989) (footnotes omitted). The major distinction between the two is "that trade names cannot be registered and are therefore not protected under 15 U.S.C. § 1114." *Id.* "However, analogous actions for trade name infringement can be brought under section 43(a). *Id.* And any distinction here is not dispositive for Defendant's Rule 12(b)(6) Motion.

of the term in commerce since 2014 is still protected.  (FAC ¶¶ 1, 18.)  The Court accepts as true Plaintiff's allegation that he was the first one to use the term in commerce, which establishes priority of use.  *See Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("It is axiomatic in trademark law that the standard test of ownership is priority of use . . . . [I]t is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.").  Plaintiff also alleges Defendant's use of the term "Wedding Film Awards" for a similar event as his "Wedding Video Awards" is "causing a huge confusion in the marketplace" and damaging Plaintiff's business.  (FAC ¶ 19.)

Even so, Defendant argues Plaintiff is not entitled to any "trademark rights in the phrase 'Wedding Video Awards,' as it is either generic or merely descriptive."  (Mot. 16:14–17.)  Defendant's point may be compelling at the summary judgment phase, but this argument raises a question of fact that should not be resolved on a motion to dismiss.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1359 (Fed. Cir. 2007) (reversing Rule 12(b)(6) dismissal where the district court found "International Walkie Talkie" to be generic "because whether a term is generic is a question of fact"); *see also Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) (noting, at summary judgment, once "a defendant raises the defense of genericness in an infringement case involving an unregistered mark, the plaintiff has the burden of proof to show that the mark is valid and not generic"); *Filipino Yellow Pages, Inc. v. Asian J. Publications, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999) (same); *cf. Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 686–87 (9th Cir. 2013) (unpublished) ("Breitling's contention that the mark is, in fact, generic is an attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage.").

Further, if Plaintiff's mark is not inherently distinctive, the mark may still be enforceable if it has acquired secondary meaning.  *See Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 820 (9th Cir. 1980).  This inquiry, too, is a question of fact.  *Id.* at 821.  Courts thus routinely reject arguments like the one raised by Defendant here as being

23cv0100

premature. *See, e.g.*, *Le v. Huynh*, No. 23-CV-00914-SI, 2023 WL 3763801, at *2 (N.D. Cal. May 31, 2023) ("This determination is a question of fact and is premature at the motion to dismiss stage."); *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-CV-4456-RSWL-JEM, 2017 WL 4271133, at *5 (C.D. Cal. Sept. 25, 2017) ("However, in arguing that the marks are generic, Defendants ignore the 'widely-shared stance that a Rule 12(b)(6) motion is generally an improper vehicle for establishing that a mark is generic or functional.'" (quoting *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 998–99 (N.D. Cal. 2014))). "While some courts have decided fact-specific issues regarding trademark protection at the pleading stage, they generally have done so only where the complaint suffers from a complete failure to state a plausible basis for trademark protection." *Pinterest*, 15 F. Supp. 3d at 999; *see also Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 789 (9th Cir. 1981) (affirming dismissal of Lanham Act false dilution claim where plaintiff's and defendant's products were "unrelated as a matter of law," and there was no possibility that customers could confuse defendant's "Bagzilla" garbage bags with plaintiff's Godzilla-themed literary works and toys); *Schele v. Mercedes–Benz USA, LLC*, No. C 10–1643 RS, 2011 WL 1088760 (N.D. Cal. Mar. 11, 2011) (concluding pro se plaintiff failed to state a claim for trademark infringement where it was undisputed that plaintiff never used or intended to use the alleged mark in the United States).

The Court is thus unpersuaded by Defendant's Rule 12(b)(6) challenge to Plaintiff's trademark infringement claims. Plaintiff alleges his unregistered mark is entitled to protection because he first used the mark in commerce, and customers associate the mark with his business. (FAC ¶¶ 17–27.) He further alleges Defendant is using a confusingly similar mark for a near-identical service, causing him harm. (*Id.*) Those allegations are enough to survive Defendant's challenge. *See, e.g.*, *Sugarfina, Inc.*, 2017 WL 4271133, at *5. Consequently, the Court denies Defendant's motion to dismiss Plaintiff's Lanham Act and common law trademark infringement claims. If Defendant wishes to challenge Plaintiff's unregistered mark as generic or on other grounds, then it should file a motion under Rule 56.

### 3.   Common Law Unfair Competition

In Count II, Plaintiff alleges Defendant is liable for unfair competition under the common law based on the same conduct.  (FAC ¶¶ 37.)  Defendant moves to dismiss this claim, arguing "Plaintiff has not alleged sufficient facts to support a claim of common law unfair competition."  (Mot. 18:20–21.)

The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994).  These claims "are subject to the same test," and "the critical determination is 'whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product.'" *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (quoting *Brother Recs., Inc. v. Jardine*, 318 F.3d 900, 908 (9th Cir. 2003)); *see also, e.g.*, *6th St. Partners, LLC v. Bd.*, No. CV 21-6595-RSWL-JPRX, 2022 WL 1570630, at *5 (C.D. Cal. Mar. 17, 2022) ("Claims for trademark infringement under California Business and Professions Code section 14245, common law trademark infringement, and unfair competition require the same showing as claims for trademark infringement under the Lanham Act."); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 764 (C.D. Cal. 2015) (same).

The Court concluded above that Plaintiff's Lanham Act and common law trademark infringement claims survive Defendant's Motion to Dismiss.  For the same reasons, the Court finds Plaintiff has stated a common law unfair competition claim centered on Defendant's alleged trademark infringement.  *See Jada Toys*, 518 F.3d at 632.  The Court thus denies Defendant's request to dismiss Count II.

### 4.   Copyright Infringement

Plaintiff's fourth claim alleges Defendant has infringed Plaintiff's copyright.  "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017).  Further, a

- 17 -

plaintiff is "required to show registration as an element of an infringement claim." *Id.* at 989. "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Id.*

Defendant contends the copyright claim is implausible for two reasons. First, Plaintiff does not allege he registered any copyrightable work. (Mot. 23:2–21.) Second, Plaintiff is seeking to impose liability on Defendant for allegedly copying his business model, but that model is not subject to copyright protection. (*Id.* 23:7–13.) The Court agrees. Plaintiff does not allege registration of a copyright. *See Unicolors*, 853 F.3d at 984. In addition, copyright law is not implicated "because business ideas, such as a game concept, cannot be copyrighted." *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.*, 611 F.2d 296, 300 n.1 (9th Cir. 1979). The Court therefore dismisses Plaintiff's Count IV for copyright infringement under Rule 12(b)(6). Although it is unlikely that Plaintiff can state a copyright claim, he has not had the opportunity to correct these deficiencies with the Court's guidance. Hence, the Court grants Plaintiff leave to amend his fourth cause of action.

### 5. Injury to Plaintiff and the General Public

Plaintiff's Count V alleges Defendant's conduct has injured Plaintiff and created confusion for the general public. (FAC ¶ 44.) Under Rule 12(b)(6), dismissal is proper where there is a lack of a cognizable legal theory. *Balistreri*, 901 F.2d at 699. Plaintiff fails to identify a statute or other authority under which the fifth claim could proceed. The Court therefore dismisses it under Rule 12(b)(6). However, the Court grants Plaintiff leave to amend his Complaint to allege a cognizable legal theory for this claim.

### 6. Violation of the Deceptive Trade Practices Act

Plaintiff's Count VI alleges Defendant has violated the "Deceptive Trade Practices Act." (FAC ¶¶ 45–48.) Plaintiff fails to identify the statute for this claim, and the Court is unaware of an applicable federal or California state law. *See Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280–81 (9th Cir. 1973) (holding there is no private right of action under the statute authorizing the Federal Trade Commission to combat unfair trade practices). Thus,

23cv0100

the sixth claim similarly lacks a cognizable legal theory.  Therefore, Defendant's motion to dismiss Count VI is granted.  It is again challenging to discern how Plaintiff can correct this deficiency.  Nonetheless, the Court grants Plaintiff leave to amend this claim, as this would be his first opportunity to amend after receiving the Court's guidance.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  The Court denies Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2).  Plaintiff sufficiently alleges that Defendant availed itself of this forum by operating a website that targets and profits from California residents and businesses as part of Defendant's alleged trademark infringement and unfair competition.

In addition, the Court grants in part and denies in part Defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6).  The Court dismisses Plaintiff's claim for counterfeiting in violation of the Lanham Act, which is bundled into Count I.  The Court also dismisses Plaintiff's Count IV for copyright infringement, Count V for "for injury to plaintiff and general public," and Count VI for violation of the "Deceptive Trade Practices Act."  All these claims are dismissed with leave to amend.

Finally, the Court denies Defendant's request to dismiss Count I for trademark infringement under the Lanham Act, Count II for common law unfair competition, and Count III for common law trademark infringement.  If Defendant wishes to challenge Plaintiff's unregistered trademark or tradename as generic or on other grounds, then it should file a motion under Rule 56.

If Plaintiff wishes to file a Second Amended Complaint, he must do so no later than February 8, 2024.  Plaintiff may amend only those claims where the Court has granted him permission to do so.  Plaintiff may not add any new parties to the complaint. Any amended pleading must be separate and complete in and of itself and titled Second Amended Complaint.  All exhibits should be attached to the Second Amended Complaint.

23cv0100

Alternatively, Plaintiff may choose to proceed on those claims the Court found survive Defendant's Motion to Dismiss.  If Plaintiff chooses not to file a Second Amended Complaint, then Defendant must file an answer no later than February 15, 2024.

**IT IS SO ORDERED.**

**DATED: January 26, 2024**

Hon. Cynthia Bashant
United States District Judge

23cv0100